583 A.2d 39

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Lorraine McGARVEY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 20, 1990.

Decided Nov. 28, 1990.

Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, King of Prussia, for appellant.

Lawrence T. Foti, Media, for appellee.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Delaware County sustaining the appeal of Lorraine McGarvey from a one-year suspension of her driver's license under Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).[1]

At a hearing held before the common pleas court, the Department presented testimony by Upper Chichester Township Police Officer Robert Gray that on May 12, 1989, he observed a vehicle travelling northbound on Interstate 95 which changed lanes without signalling properly and which

---

1. Section 1547(b) of the Code provides for the suspension of a driver's license for a period of one year upon a licensee's refusal to submit to a chemical test to determine blood alcohol content.

was traveling seventy-five miles per hour. Officer Gray stopped the vehicle. McGarvey was driving and Officer Gray detected a strong odor of alcohol. He also observed that McGarvey's eyes were glassy and bloodshot and that her speech was slurred. Officer Gray testified that when McGarvey exited the vehicle, she walked with a staggering gait; when she stood still she swayed back and forth. Officer Gray then asked her to perform a series of field sobriety tests which she was unable to perform satisfactorily. He then arrested her for driving under the influence of alcohol and took her to the police station where he advised her of the implied consent law with regard to taking a breathalyzer test. Officer Gray indicated to McGarvey that her license would be suspended for one year if she did not take the test. *He testified that McGarvey responded to his request to take the test by asking to speak to her lawyer first.* Officer Gray then testified that he told her that she was not entitled to consult with her attorney prior to taking the test,[2] whereupon she refused to take the test. *At no time did Officer Gray advise her of her Miranda rights.*[3] McGarvey subsequently received notice from the Department that her license was suspended for one year for failure to submit to a breathalyzer test.

The common pleas court held that McGarvey was unfairly confused over whether she had the right to consult with her attorney prior to taking the breathalyzer test and that she was unable to make a knowing refusal to take the test, and thus sustained her appeal. The Department now appeals that decision.

■ To sustain a license suspension under Section 1547(b)(1) of the Code, our traditional approach required

2. At page 4 of its opinion, the trial court quoted McGarvey's testimony in this regard as follows: "In response to the question [by her counsel], 'What about this thing about a lawyer?', Defendant said, 'Well, I said I didn't want to take it, I wanted to speak to a lawyer first, and he said I couldn't speak to a lawyer, I had to answer yes or no then.'"

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that the Department must first prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Larkin v. Commonwealth,* 109 Pa.Commonwealth Ct. 611, 531 A.2d 844 (1987).

Clearly, based upon the testimony given by Officer Gray, the Department satisfied its initial burden under *Larkin* by proving the above four elements. However, the trial court based its decision to sustain McGarvey's appeal on our Supreme Court's opinion in *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). In *O'Connell* the licensee failed a field sobriety test, was arrested and was advised of his *Miranda* rights. When he arrived at the police station, he was given his *Miranda* rights again but in written form. After thus being fully advised of his *Miranda* rights, he was asked to submit to a breathalyzer test which he refused to take. The licensee argued on appeal that he was confused as to his rights because the request to take the breathalyzer test came immediately after he was given his *Miranda* warnings. In *O'Connell,* the Supreme Court said that it wished to:

> [G]ive guidance in the troublesome situation presented in cases such as this one, where a person is arrested for a crime, read *Miranda* rights, and is then told to submit to a breathalyzer test, but is not told that his right to see an attorney does not extend to taking this test.

521 Pa. at 247–48, 555 A.2d at 875.

Thus, in order to reduce the confusion which a licensee may experience as to his or her right to counsel when taking a breathalyzer test, the Court held:

> Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the

breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.,* 521 Pa. at 252, 555 A.2d at 878.

In interpreting *O'Connell,* the trial court in the case *sub judice* stated:

> The Supreme Court does not say that where an officer has first read Miranda rights to a defendant, he must then instruct the arrestee that the rights are not applicable to the breathalyzer test. The Court states that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police must instruct the arrestee that the rights to counsel are inapplicable for the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

■ We believe that the trial court was, in this instance, correct in its interpretation of *O'Connell* because where the licensee requests to speak with an attorney or indicates by some understandable means that he/she is exercising, or wishes to exercise, the constitutional rights guaranteed by *Miranda* to criminal defendants *O'Connell* applies. This interpretation of *O'Connell* is clearly borne out by the Supreme Court's decision in *Commonwealth v. McFadden,* 522 Pa. 100, 559 A.2d 924 (1989), which followed *O'Connell* by three months. In *McFadden,* the licensee was given *Miranda* warnings and then was requested to submit to the intoxilyzer test. He refused to take the test and instead asked to make a telephone call. It is not clear from the facts given in the opinion who McFadden wished to speak to, but in any event, *his request was granted.* Subsequent to making the call, McFadden became belligerent and a refusal to take the test was recorded. Despite the fact that McFadden completed his telephone call, the Supreme Court nevertheless held that the police were still required to inform McFadden that his *Miranda* rights did not apply to the intoxilyzer test.

We hold, therefore, that because of the public's widespread knowledge and understanding today of a citizen's constitutional rights under *Miranda* when charged with a crime, that even if the licensee is not specifically given *Miranda* warnings by the police, there must be some explanation offered when a licensee asks to speak or confer with an attorney or other person that such constitutional rights do not extend to and are totally inapplicable under the implied consent law set out in the Vehicle Code.

In other words, although it is not necessary that a licensee first be advised of his/her constitutional rights under *Miranda*, if such does occur or if the licensee overtly manifests a belief that he/she has the right to speak to or have his/her attorney present, there is a responsibility on the part of the police officer to explain that a citizen's constitutional rights when charged with a crime do not apply to the procedures under the implied consent law. On the other hand, no duty on the part of the police to provide an explanation arises where *Miranda* warnings are *not* given and the licensee simply stands mute *believing* that he or she has the right to remain silent as the United States Supreme Court has held a criminal defendant may do. Where the implied consent law has been read to the licensee or the terms of the law explained to the licensee and the officer has explained that the licensee's operator's privilege will be suspended for a year if he or she does not submit to the breathalyzer test, absent *Miranda* warnings, the licensee then must either verbalize that he or she is confused over his or her rights, or, by expression or demonstration in exercising such rights, that he or she wishes to exercise those rights. Again, we wish to make it clear, however, that it is not sufficient that the licensee is subjectively confused for some unexplained reason. Examples of confusion not pertaining to the *O'Connell* defense involve situations where the licensee has had too much to drink, *Croissant v. Commonwealth*, 114 Pa.Commonwealth Ct. 601, 539 A.2d 492 (1988), *petition for allowance of appeal denied*, 520 Pa. 578, 549 A.2d 138 (1988); where the licensee was

confused as to what he had to do to avoid suspension of his license, *Department of Transportation, Bureau of Driver Licensing v. Tomczak*, 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990); and where the licensee's confusion stemmed from a request to take a blood test after having submitted to a preliminary breath test, *Appeal of Attlebergger*, 136 Pa.Commonwealth Ct. 329, 583 A.2d 24 (1990).

■ Here, McGarvey was not read her *Miranda* warnings prior to taking the test. The *O'Connell* type *per se* confusion thus never occurred. We hold nevertheless that where, as here, a licensee requests to speak to an attorney, or anyone else, prior to taking a chemical test, even though *Miranda* warnings have not been given it is incumbent upon the police to inform the licensee that he or she does not have the right to consult with an attorney, or anyone else, and that a citizen's constitutional rights, although applicable to the criminal charges, do not apply under the implied consent law. Because the police told McGarvey only that she could not speak to an attorney and had to answer yes or no immediately but did not explain *why*, McGarvey must prevail in her claim of confusion.

Accordingly, based upon the foregoing discussion, we affirm.

## ORDER

NOW, November 28, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.