589 A.2d 805

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

George A. RAPP, Jr., Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 6, 1990.

Decided April 12, 1991.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellant.

No appearance for appellee.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Clarion County (trial court), that sustained the appeal of George A. Rapp, Jr. (Rapp) from a one-year suspension of his operating privilege. The suspension was imposed pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).[1]

On January 10, 1990, Rapp's suspension appeal was heard before the trial court and the following facts were presented through the testimony of Troopers Kirby Ames and Vasil Lashinsky of the Pennsylvania State Police. On April 1, 1989, Trooper Ames stopped a motor vehicle driven by Rapp after clocking Rapp's speed at 65 miles per hour in a 55 mile per hour zone. After asking Rapp to produce his driver's license and registration card, Trooper Ames noted a marked odor of alcohol emanating from Rapp, who also exhibited glassy, bloodshot eyes and slurred speech. Trooper Ames then had Rapp perform three field sobriety tests all of which, in Ames' judgment, Rapp failed. Following these tests, Trooper Ames asked Rapp to accompany him to the barracks to take a breathalyzer test and informed Rapp that his driver's license would be suspended for one year if he refused to submit to the test. Rapp then agreed to take the test, whereupon Trooper Ames told Rapp he was under arrest and took him to the police barracks.

Trooper Ames testified that Trooper Lashinsky, in trying to administer the breathalyzer test to Rapp, twice read him the implied consent warning and informed Rapp of the result of a refusal. Both times Rapp responded by stating, "my attorney is Ralph Montana." In response to Trooper

---

1. Section 1547(b) of the Code provides for the suspension of a driver's license for a period of one-year upon a licensee's refusal to submit to chemical testing to determine blood alcohol content.

Lashinsky's third request to submit to the test, Rapp remained silent and stared at Trooper Lashinsky, who then recorded Rapp's refusal to submit to the test. Trooper Ames testified that only *after* Rapp refused to submit to the test were *Miranda*[2] warnings given to him and he asked to call an attorney. Rapp testified that he did not recall the precise point in time when he was informed of his *Miranda* rights, but that he knew about them from "watching television"; he also testified that one of the officers told him he could speak to an attorney, but only after taking the test.

The trial court, on February 8, 1990, sustained Rapp's appeal and it is from this order that DOT now appeals.

■ Our scope of review in license suspension cases is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Cessna v. Department of Transportation, Bureau of Driver Licensing*, 130 Pa.Commonwealth Ct. 163, 567 A.2d 760 (1989).

Our Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 252, 555 A.2d 873, 878 (1989), stated the following with respect to breathalyzer tests:

Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) provides, among other things, that an arrestee be advised of his right to remain silent and his right to consult with counsel prior to answering questions.

The Supreme Court explained its reason for requiring these instructions.

> Since the course of conduct of the police creates the confusion in these cases, it is appropriate to place the duty on them to clarify the extent of the right of counsel when asking arrestees to take a breathalyzer test thereby insuring that those arrestees who indicate their confusion over their *Miranda rights,* are not being misled into making uninformed and unknowing decision to take the test.

*Id.,* 521 Pa. at 253, 555 A.2d at 878 (emphasis added).

Here, the police placed Rapp under arrest. They asked Rapp to submit to a chemical test and told him that, if he refused, his license would be suspended for one year. Rapp's only reply indicated that he wished to speak to his attorney.[3] Because Rapp did not respond affirmatively to the officer's request to take a chemical test, a refusal was recorded. Not until after this brief conversation did the police read Rapp his *Miranda* warnings.

It is DOT's contention that we should reinstate Rapp's license suspension because Rapp failed to prove that the way in which the arresting officers gave him *Miranda* warnings confused him as to his right to consult a lawyer prior to deciding whether to take the test. DOT argues that since the troopers did not advise Rapp of his *Miranda* rights until *after* he refused to take the test, *O'Connell* is inapplicable and Rapp cannot legitimately claim to have been confused *before* refusing to submit to the test. The *O'Connell* decision does not, however, require that a licensee be "Mirandized" by the police as a prerequisite to showing that he was confused as to his right to counsel before submitting to a chemical test. The confusion to which the Supreme Court refers is confusion concerning the *Miranda rights* of the licensee, not the *Miranda warnings*

---

**3.** DOT has asserted that Rapp's statement, "my attorney is Ralph Montana", does not constitute a request for an attorney. Given that licensees are often of "dulled senses" in these situations, we believe Rapp sufficiently communicated his desire to exercise his constitutional right to counsel.

given by the police. Furthermore, these *rights* attach at the time of arrest, not when the police inform the licensee of his rights.

■ In *Department of Transportation, Bureau of Driver Licensing v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990), we were faced with facts strikingly similar to those here. There we stated that when:

a licensee requests to speak to an attorney, or anyone else, prior to taking a chemical test, even though Miranda warnings have not been given it is incumbent upon the police to inform the licensee that he or she does not have the right to consult with an attorney, or anyone else, and that a citizen's constitutional rights, although applicable to criminal charges, do not apply under the implied consent law.

*Id.*, 136 Pa.Commonwealth Ct. at 363, 583 A.2d at 42. We believe that the facts here are sufficiently similar to those in *McGarvey* that Rapp should have been informed that his right to counsel did not apply to the breathalyzer test under the implied consent law.

■ Also at issue before us is the trial court's imposition of costs against DOT. In this regard, we must reverse because we can find no authority for the trial court to impose costs against the Commonwealth.

"The right to impose or recover costs in a proceeding based on a statute must be found in the statute; otherwise it does not exist." *Richmond v. Pennsylvania Higher Education Assistance Agency*, 6 Pa.Commonwealth Ct. 612, 614, 297 A.2d 544, 546 (1972). Rapp has appealed the suspension of his driving privileges to the trial court based on Section 1550 of the Vehicle Code.[4] The Vehicle Code makes no provision for the imposition of costs against the Commonwealth.

**4.** 75 Pa.C.S. § 1550(a) provides: "Any person ... whose operating privilege has been recalled, cancelled, suspended or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure.)

We have also considered Section 1726 of the Judicial Code, 42 Pa.C.S. § 1726, which empowers the governing authority [Supreme Court] to make rules governing the imposition and taxation of costs. The Supreme Court of Pennsylvania, however, has promulgated no rules covering statutory appeals to the Courts of Common Pleas.[5] "Rather, our trial courts have had the right to enact rules and publish these to cover practice in this area of the law." *Appeal of Borough of Churchill,* 525 Pa. 80, 89, 575 A.2d 550, 554 (1990). The trial court here has done so by Local Rule of Court No. L250.2 where it states that "[a]ppeals from administrative agencies shall be governed by R.C.P. [Rules of Civil Procedure]." We, however, find no authority in the Rules of Civil Procedure for imposing costs in appeals under the Vehicle Code. We must conclude,. therefore, that the trial court exceeded its authority by imposing costs against the Commonwealth.

Accordingly, we will enter the following order.

## ORDER

AND NOW, this 12th day of April, 1991, the order of the Court of Common Pleas of Clarion County in the above-captioned case is affirmed with regard to the license suspension and reversed on the imposition of costs against the Commonwealth.

COLINS, J., dissenting.

I must respectfully dissent.

In the instant matter, an apparently intoxicated driver, who had failed three field sobriety tests, replied to the implied consent warnings that "my attorney is Ralph Montana." The driver further testified that he felt that *Miranda* warnings were applicable, since he knew about them from "watching television." *Miranda* warnings were never

---

**5.** The Rules of Appellate Procedure do not cover the Courts of Common Pleas and the Rules of Civil Procedure are inapplicable to statutory appeals. *Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990).

given by the officers in question until after the refusal to take the test and, therefore, any confusion as to *Miranda* was created solely by the driver's ingestion of alcohol and his television viewing habits.

Our decision in the instant matter, in my opinion, extends administrative procedural safeguards well beyond those mandated by our Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). The legislative intent of 75 Pa.C.S. § 1547(b) was to mandate that license revocations be axiomatic upon a driver's failure to assent to chemical testing, provided that the driver was physically capable of submitting to the testing procedures. I would affirm the suspension of the driving privileges in the instant matter and thereby, by implication, would reverse this Court's decision in *Department of Transportation, Bureau of Driver Licensing v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990).