596 A.2d 286

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Lawrence T. DIXON, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 17, 1991.

Decided July 31, 1991.

508

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, Souderton, for appellant.

Stevan Kip Portman, Bristol, for appellee.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of

Common Pleas of Bucks County (trial court) sustaining the appeal of Lawrence T. Dixon from the suspension of his driving privileges because he refused to submit to a chemical test under Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).[1] We will affirm.

On September 7, 1990, Dixon was involved in an automobile accident with another vehicle. Officer George Nevel was dispatched to the scene. When he arrived, Dixon and the other driver were already exchanging information. Officer Nevel spoke to the other driver who said that Dixon didn't seem right and that he (the other driver) thought that Dixon might be intoxicated. When Officer Nevel approached Dixon, he noticed that Dixon's eyes were bloodshot. He then asked Dixon to step out of the car and perform two field sobriety tests on the shoulder of the road. Officer Nevel determined that Dixon failed these tests because he nearly fell when walking heel to toe and because he could balance on one leg for only 17 seconds instead of 30 seconds. Officer Nevel described the shoulder of the road in this area as fairly level and consisting of gravel, stones, and rocks. The traffic at the time, approximately 5:45 p.m., was heavy. Based on these facts, the trial court concluded that Officer Nevel did not have reasonable grounds to request that Dixon take a chemical test.

The only issue before this Court is whether Officer Nevel had reasonable grounds to believe that Dixon was operating a motor vehicle while under the influence of alcohol. Our scope of review in license suspension cases is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department*

---

1. Under Section 1547(b) of the Vehicle Code, DOT must prove that the licensee was (1) arrested for driving under the influence, (2) asked to take a chemical test, (3) refused to take the test, and (4) warned that his refusal would result in a license suspension. *Department of Transportation, Bureau of Driver Licensing v. Iannitti,* 100 Pa.Cmwlth. Ct. 239, 514 A.2d 954 (1986). Dixon has not challenged any of these elements on appeal.

*of Transportation, Bureau of Driver Licensing v. Rapp,* 139 Pa.Cmwlth.Ct. 144, 589 A.2d 805 (1991).

"Reasonable grounds exists if a reasonable person in the position of the officer, viewing the facts and circumstances as they appeared at the trial, could have concluded that the motorist had operated the vehicle while under the influence of alcohol." *Department of Transportation, Bureau of Driver Licensing v. Terreri,* 114 Pa.Cmwlth.Ct. 208, 210, 538 A.2d 639, 640–641 (1988). This determination must be made on a case-by-case basis. *Wilson v. Commonwealth,* 53 Pa.Cmwlth.Ct. 342, 417 A.2d 867 (1980).

The trial court found that Officer Nevel relied upon his observation of Dixon's bloodshot eyes and partially completed field sobriety tests to make his determination that Dixon had been driving under the influence of alcohol. The trial court also noted the inconclusive evidence regarding an odor of alcohol, and the absence of any evidence as to slurred speech, an unsteady gait or stance, and abusive or uncooperative behavior. We do not believe that the trial court erred by concluding that Officer Nevel did not have "reasonable cause". Where the only indications of intoxication are bloodshot eyes and some difficulty performing balancing tests on the stony and rocky shoulder of the road during heavy, Friday evening traffic, a reasonable person could not have come to the conclusion that Dixon was operating his vehicle while intoxicated.

Accordingly, we will affirm the trial court.

PALLADINO, J., dissents.

## ORDER

AND NOW, this 31st day of July, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.