597 A.2d 208

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Frank NICASTRO, Jr., Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 31, 1991.

Decided Aug. 28, 1991.

David R. White, for appellant.

Joseph P. Green, Jr., for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Department of Transportation (Department) appeals an order of the Court of Common Pleas of Philadelphia

County which set aside the suspension of the operating privileges of Frank Nicastro, Jr.

On October 13, 1989, the police observed Nicastro driving erratically and stopped his vehicle. The police officer detected an odor of alcohol on Nicastro's breath and noticed that Nicastro's upper body was swaying. He administered field sobriety tests to Nicastro who, thereafter, was placed under arrest for driving under the influence of alcohol. Nicastro was then transported to a police station for a breath test to determine his blood alcohol level. Prior to the breath test Nicastro asserts that the police read him the *Miranda*[1] warnings; the police officer, on the other hand, could not recall giving him the *Miranda* warnings. The police further explained to Nicastro that his license would be suspended for one year if he refused the test. Nicastro, without giving any explanation to the police officer, refused the breath test, and, thereafter, the Department suspended Nicastro's operating privileges for one year pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.

Nicastro appealed his suspension to the Court of Common Pleas of Philadelphia County. The trial court found that Nicastro *was* read his *Miranda* rights and stated:

> This Court finds that Appellant's [Nicastro] refusal to take the breathalyzer test was based on incomplete information. Appellant's refusal was based on his belief that he had a "right to remain silent," pursuant to the Miranda warnings.

Thus, the trial court sustained Nicastro's appeal and rescinded the one-year suspension of his license. This appeal followed.

Nicastro testified before the trial court explaining why he refused the breath test. He stated:

Q. So why did you refuse the test?

A. I felt that the results one way or the other weren't going to help and he [the police officer] had already

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

placed me under arrest, so I saw no need—I don't have very much reliance on those tests. I am also a chemical engineer, and I have performed many tests in laboratories, so I don't have very much reliance on those machines.

Nicastro also testified that he had another reason for refusing the breath test:

Q. After the police officer told you about your Miranda rights, what, if anything, did you believe about your right to remain silent and not do or say anything to provide additional evidence.

A. I had the right to remain silent.

Q. What if anything influenced your beliefs as to that right have [sic] on your decision not to submit to the test?

A. That's the reason I didn't submit to the test.

■ The Department contends that (1) Nicastro failed to meet his burden of proving that he was confused concerning the applicability of his *Miranda* rights to the breath test since he never manifested any evidence of confusion to the police officer, and (2) *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), does not apply to the facts of this case because Nicastro was not confused over his right to counsel. In *O'Connell* our Supreme Court held that when an arrestee exhibits confusion, believing that *Miranda* rights (in that case the right to counsel) apply to chemical test procedures, the police must clarify that such rights do not apply to the chemical testing procedures.

This Court has held that in situations where *Miranda* rights are followed by a request to take a chemical test and no explanation is given that the *Miranda* rights are inapplicable to the testing procedure, a *per se* violation the *O'Connell* rule exists. *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied*, 290 M.D.Allocatur Dkt. 1990 (filed May 14, 1991). Under *Fiester*, there is an affirmative duty on the police

when *Miranda* rights are given to explain that those rights are not applicable to the chemical test; the failure of the police to perform this duty results in a *per se* violation of the *O'Connell* rule even in situations in which a licensee makes no overt demonstration of confusion.

In the present case, the trial court found that Nicastro was given *Miranda* warnings prior to the police officer's request that he submit to a breath test. Moreover, there is no evidence in the record indicating that the police officer explained to Nicastro that his *Miranda* rights were inapplicable to the breath test. We must conclude, therefore, that Nicastro has demonstrated a violation of the *O'Connell* rule.[2]

■ Next, the Department contends that Nicastro's refusal of the test does not raise an *O'Connell* issue because he was not confused over his right to counsel.[3] The Department argues that Nicastro's confusion was not based on his *Miranda* rights, but, instead, involved confusion over the accuracy of the breath testing machine. The trial court found otherwise. Nicastro testified that he refused the breath test on the ground that he believed he had a right to remain silent *and* on the ground that he believed the test was technically unreliable. The trial court, however, found

2. The facts in this case must be distinguished from those in *Appeal of Attleberger,* 136 Pa.Commonwealth Ct. 329, 583 A.2d 24 (1990), *petition for allowance of appeal granted,* 527 Pa. 625, 592 A.2d 45, 46 (1991). In *Attleberger,* the police did not read the licensee his *Miranda* rights nor did the licensee indicate to the police that he wished to assert his *Miranda* rights. We held that under those facts, the licensee could not demonstrate *O'Connell* confusion merely by standing mute. The present case is distinguishable from *Attleberger* because Nicastro was read his *Miranda* rights prior to the police request for a breath test; hence, the police had a affirmative duty to dispel any reliance Nicastro had on his *Miranda* protections, even though Nicastro did not overtly manifest any confusion. *Fiester.*

3. While the cases decided so far under *O'Connell* have involved questions of a licensee's confusion over his or her right to counsel, the application of the *O'Connell* rule is not limited to confusion over that issue. *See Department of Transportation, Bureau of Driver Licensing v. McGarvey,* 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990). Clearly a licensee's confusion over his or her right to remain silent, a *Miranda* right, is included within the scope of the *O'Connell* rule.

that Nicastro refused the breath test because he believed that he had a right to remain silent under *Miranda;* this finding is supported by substantial evidence. Therefore, because the trial court found that Nicastro was confused over the applicability of his constitutional rights to the breath test, we conclude that the *O'Connell* rule was violated regardless of the fact that Nicastro had more than one reason for refusing the test.

Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, August 28, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.