612 A.2d 634

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

v.

**Douglas John INGRAM, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1992.

Decided July 8, 1992.

Petition For Allowance of Appeal Granted Jan. 15, 1993.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

David L. Lichtenstein, for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Allegheny County (trial court), which sustained the appeal of Douglas Ingram (Ingram) from a one-year suspension imposed pursuant to section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b), due to his failure to submit to chemical testing following his arrest for driving under the influence.

The following relevant facts are not in dispute on appeal. On March 16, 1991, Officer Thomas West (West) of the Versailles Borough Police Department was dispatched to the scene of an accident in the 600 block on Walnut Street. Upon

his arrival at the scene, only one of the vehicles was still there. The driver of the remaining vehicle and a witness gave West a description of the other vehicle involved in the accident, which was no longer at the scene, as a black sports car with Florida plates. West then proceeded in the direction that the witness said the black sports car was travelling and spotted the vehicle on Second Street. Finally, West came upon the black sports car parked behind Ingram's residence. West testified that as he arrived upon the scene, he observed Ingram entering his house. After several minutes elapsed, Ingram surrendered himself to West.

West testified that Ingram kept mumbling to him and he noticed a slight odor of alcohol on Ingram's breath. West then conducted a number of field sobriety tests on Ingram. Based on Ingram's performance, West concluded that Ingram was either under the influence of drugs or alcohol. Ingram was then placed under arrest for violating section 3731 of the Code, 75 Pa.C.S. § 3731. In short order, Ingram was handcuffed and assisted into the back seat of the police vehicle. While waiting for a tow truck to tow Ingram's vehicle,[1] West read to Ingram the Versailles Borough chemical alcohol test warning form which reads as follows:

YOU HAVE BEEN ARRESTED FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL AND/OR A CONTROLLED SUBSTANCE, A VIOLATION OF THE PENNSYLVANIA MOTOR VEHICLE CODE.

~~YOU HAVE BEEN ADVISED OF YOUR CONSTITUTIONAL RIGHTS, BOTH VERBALLY AND IN WRITTEN FORM, AND~~ IT IS MY DUTY AT THIS TIME, TO INFORM YOU THAT YOUR RIGHTS TO CONFER WITH YOUR ATTORNEY OR ANYONE ELSE, PRIOR TO TAKING THE REQUIRED CHEMICAL TEST(S), DOES NOT APPLY. (COMMONWEALTH OF PENNA. VS PATRICK M. O'CONNELL

---

1. The trial transcript is not clear as to the necessity of towing Ingram's vehicle. Reproduced Record (R.) at 21a.

NO 79 E.D. APPEAL DOCKET 1977.)[2]    (Overstrike in original;  emphasis added.)

I AM NOW GOING TO REQUEST THAT YOU SUBMIT TO A CHEMICAL TEST(S) OF YOUR BREATH, BLOOD OR URINE, IN ANY COMBINATION, TO DETERMINE YOUR BLOOD ALCOHOL AND/OR DRUG CONTENT. YOU HAVE THE RIGHT TO REFUSE TO SUBMIT TO SUCH A CHEMICAL TEST(S), AND IF YOU REFUSE, NO TEST(S) WILL BE CONDUCTED.

YOU HAVE THE RIGHT TO KNOW THE RESULTS OF ANY CHEMICAL TEST(S) CONDUCTED.

IF YOU REFUSE TO SUBMIT TO THE CHEMICAL TEST(S) I AM NOW REQUESTING, YOUR OPERATING PRIVILEGES WILL BE SUSPENDED FOR A PERIOD OF TWELVE (12) MONTHS, IN ADDITION TO ANY OTHER PENALTY IMPOSED, AND THAT FACT, THAT YOU REFUSED TO SUBMIT TO THE REQUESTED CHEMICAL TEST(S) MAY BE INTRODUCED AS EVIDENCE IN A COURT OF LAW.

West claims to have recited the form verbatim, except for the part that was scratched out, concerning *Miranda* rights, which were not given to Ingram.[3]  West testified that Ingram initially assented to taking the test.[4]  Ingram was then driven back to the accident scene where the other driver identified him.  Subsequently, Ingram was transported to McKeesport Hospital for a blood test.  Upon request, Ingram refused to sign a hospital consent form without talking to his attorney or his parents.  West testified that he orally informed Ingram that he did not have the right to talk to anyone prior to taking the test, and the chemical test warning form was reread to Ingram.  West testified further that Ingram then read the chemical test warning form to himself.  After a period of

**2.**  DOT contends that the emphasized language constitutes a sufficient *O'Connell* warning. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

**3.**  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.**  Ingram testified to the contrary that he did not understand what the officer was explaining to him while he was in the back seat of the car.

silence on the part of Ingram, West recorded a refusal.[5] Ingram testified that he never understood his rights, in part because the police department warning form was very confusing.

The sole issue we must address on appeal is whether Ingram was provided a sufficient warning in accordance with our Supreme Court's decision in *O'Connell*, to allow him to grasp why he was not entitled to speak to his attorney regarding chemical testing.

Under the circumstances presented in this case, *O'Connell* requires a police officer to clarify when the right to counsel is applicable:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*O'Connell*, 521 Pa. at 252, 555 A.2d at 878.

Here, the trial court sustained Ingram's appeal because it determined that, based on the testimony presented, Ingram was confused as to his rights. Furthermore, the trial court was not convinced that Ingram was given a chance to read any of the documents at issue in this case.[6] In essence, the trial court concluded that the total circumstances surrounding Ingram's arrest prevented him from making a knowing and

---

**5.** We note that the hospital consent form, that ultimately gave rise to the recording of a refusal in this case, represented an inappropriate attempt to link a pre-test condition to chemical testing in violation of § 1547 as interpreted by our court in *Conrad v. Department of Transportation*, 142 Pa.Commonwealth Ct. 642, 598 A.2d 336 (1991). This issue was not raised by the licensee in the trial court. We note further that *Conrad* was not filed until after the trial court issued its decision.

**6.** Conflicts in the evidence and questions of credibility are for the trial court to resolve. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984).

conscious refusal. It is from that determination that DOT appeals to this court.[7]

DOT asserts that it was error for the trial court to sustain Ingram's appeal based on his alleged confusion, since licensee received adequate warnings as required by *O'Connell.* Furthermore, DOT contends that the evidence of record is sufficient to show DOT presented a *prima facie* case of a section 1547(b) suspension. Finally, DOT argues that the licensee did not present any competent medical evidence to show why he allegedly could not understand the warnings given him, nor did he rule out that alcohol did not play a factor or part in his incapacity. Therefore, licensee did not carry his burden of proving his refusal was not knowing and conscious.[8] We find DOT's arguments to be without merit as applied to the facts presently before us on appeal.

Ingram counters that he never fully understood his rights and was therefore unable to make a knowing and conscious refusal.[9] Ingram cites the following as supporting his counter argument: (1) the chemical test warning form was read to him

7. Our scope of review in license suspension cases is limited to determining whether the trial court's findings are supported by competent evidence, or errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Lello,* 132 Pa.Commonwealth Ct. 11, 571 A.2d 562 (1990).

8. In order to sustain a suspension under § 1547 of the Code, the Commonwealth must prove that a motorist was 1) arrested for driving under the influence of alcohol, 2) was requested to submit to chemical testing, 3) refused to submit to such testing, and 4) was specifically warned that a refusal would result in the revocation of his driver's license. *See Department of Transportation, Bureau of Driver Licensing v. Garlan,* 121 Pa.Commonwealth Ct. 400, 550 A.2d 873 (1988). Once the Commonwealth meets its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test. This is a factual determination which is to be made by the trial court. *O'Connell,* 521 Pa. at 249, 555 A.2d at 876.

9. The question of whether a motorist's decision to refuse chemical testing was knowing and conscious is a question of fact for the trial court. *Capozzoli Appeal,* 63 Pa.Commonwealth Ct. 411, 437 A.2d 1340 (1981). Because of our limited scope of review, we are bound by the trial court's findings of fact unless they are not supported by substantial evidence or constitute an error of law. *Department of Transportation, Bureau of Driver Licensing v. Gaertner,* 138 Pa.Commonwealth Ct. 423, 589 A.2d 272 (1991).

in the police car while he was handcuffed, awaiting a tow truck, and he was distracted; (2) the form itself is grammatically incorrect and confusing on its face; [10] (3) licensee was silent never verbally refusing the blood test. He did, however, ask to speak with his parents and lawyer, and indicated in testimony that if he had understood he had no such right, he would have submitted to the blood test.

In *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991), we determined that the *O'Connell* requirement is triggered not only when *Miranda* warnings precede a request to submit to chemical testing, but also where no *Miranda* warnings are given, but a licensee overtly manifests confusion over the applicability of *Miranda* rights to the chemical testing procedures. In the present matter, no *Miranda* warning was given. However, Ingram's request to speak to his attorney or parents represented an overt manifestation of confusion, and thus no *Miranda* warning was required in order for the *O'Connell* duty to arise. *See Department of Transportation, Bureau of Driver Licensing v. Hoover*, 147 Pa.Commonwealth Ct. 70, 606 A.2d 1264 (1992).

In *Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270 (1992), filed contemporaneously with *Hoover*, we noted that where no *Miranda* warnings are given, but where there is an overt manifestation of confusion over *Miranda* rights, the *O'Connell* explanation must include not only a statement that the right to contact an attorney or someone else applies only to criminal proceedings, but also an explanation that chemical testing is not such a criminal proceeding, but is a civil proceeding. The chemical alcohol test warning form read

10. Ingram maintains that the sentence immediately preceding the citation to *O'Connell* contained in the borough's implied consent form is unclear as to whether the officer's duty does not apply, since the defendant's "rights to confer" does not grammatically match the verb form "does not apply".

to Ingram by West in the present case like *Sorg* and *Hoover* provided no such explanation.

In the present case, the implied consent warnings given to Ingram acted to facilitate the confusion that *O'Connell* and its progeny have attempted to alleviate. Specifically, the warnings did no more than inform Ingram that *Miranda* rights did not apply, rather than explain why they did not apply. We find this approach insufficient, as a matter of law, to comply with *O'Connell* as interpreted in *Fiester, Sorg,* and *Hoover.*

Accordingly, we affirm the trial court's order.

### ORDER

NOW, this 8th day of July, 1992, the order of the Court of Common Pleas of Allegheny County, dated July 17, 1991, at No. SA 1346 of 1991, is affirmed.