624 A.2d 723

**Ted F. KACZOROWSKI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 21, 1992.

Decided April 13, 1993.

Carol L. Hanna, for appellant.

Harold Cramer, Chief Counsel, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

DOYLE, Judge.

This is an appeal by Ted F. Kaczorowski (Licensee) from an order of the Court of Common Pleas of Allegheny County upholding the imposition of a one-year driver's license suspension by the Department of Transportation (DOT) for failure to submit to chemical testing in accordance with Section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547.

On January 10, 1991, the Bethel Park police were called to investigate an accident wherein Licensee had rammed the car he was driving into a mailbox. Licensee was uncooperative during the on-scene investigation and was arrested for drunk driving. He was not advised of his constitutional rights under *Miranda*[1] when he was accused of the crime. He did, however, request that a local councilman and the chief of police be contacted. He was then informed that he "had no rights under the Implied Consent Law." N.T. 6.[2] Thereafter, Li-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. The Implied Consent Law, Section 1547 of the Code, pertinently provides:

> (a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determin-

censee was taken to the police station and read the following information from an Implied Consent Form utilized by the Bethel Park police.[3]

> I must also inform you that your constitutional rights as a defendant in a criminal case do not apply to the taking of a chemical test and that therefore, you do not have a right to consult with an attorney, or anyone else, prior to taking the chemical test or to have an attorney, or anyone else present while you take the chemical test, nor do you have a right to remain silent when asked to take a chemical test.

Licensee continued to refuse to submit to chemical testing. Accordingly, DOT suspended his license. The trial court found the Commonwealth's witnesses more credible and sustained the suspension. Licensee's appeal to this Court followed.

 On appeal Licensee contends that because he overtly manifested confusion of his right to consult with someone before submitting to chemical testing, the police were obliged, in accordance with *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989),

> ing the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
> (1) while under the influence of alcohol or a controlled substance or both; or
> (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.
> **(b) Suspension for refusal.—**
> (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
> (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

**3.** We note that when this form was read into the record there were certain semantic changes made. Those changes, however, have no legal significance and the result in this case would be the same under either version of the warning.

as interpreted in *Department of Transportation, Bureau of Driver Licensing v. McGarvey,* 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990), to inform him that his *Miranda* rights were not applicable to chemical testing procedures. We agree. The next question then becomes whether the *O'Connell* warning which was given was sufficient. We hold that it was. We stated in *McGarvey:*

> [B]ecause of the public's widespread knowledge and understanding today of a citizen's constitutional rights under *Miranda* when charged with a crime, ... even if the licensee is not specifically given *Miranda* warnings by the police, there must be some explanation offered when a licensee asks to speak or confer with an attorney or other person that such constitutional rights do not extend to and are totally inapplicable under the implied consent law set out in the Vehicle Code.

*Id.* at 363, 583 A.2d at 41. We then went on to hold that even in a situation where *Miranda* warnings have not been given if the licensee overtly manifests confusion over *Miranda* rights:

> [I]t is incumbent upon the police to inform the licensee that he or she does not have the right to consult with an attorney, or anyone else, and that a citizen's constitutional rights, although applicable to the criminal charges, do not apply under the implied consent law.

*McGarvey,* 136 Pa.Commonwealth Ct. at 364, 583 A.2d at 42.

Later, we further elucidated on the basic information the police must give the non-Mirandized licensee who asks to confer with someone before deciding to submit to chemical testing. In *Department of Transportation, Bureau of Driver Licensing v. Sorg,* 147 Pa.Commonwealth Ct. 82, 91, 606 A.2d 1270, 1275 (1992), *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992), we opined that in such a situation the licensee must be told:

> 1. That the right to counsel is a constitutional right and applies only to criminal proceedings, not to civil proceedings.

2. That the request to submit to chemical testing is not a criminal proceeding, that it is a civil proceeding, but the licensee's refusal to submit to the testing maybe introduced in evidence in a subsequent criminal proceeding.

3. That the licensee does not have a right to contact an attorney or anyone else before taking the test nor does he have the right to remain silent as to the testing procedures; that is, licensee must affirmatively agree to submit to the chemical testing.

(Footnote omitted.) We did not, however, mandate that the information set forth in *Sorg* be recited verbatim.

In this case the only information lacking in the warning is that regarding the fact that a licensee's refusal to submit to testing may be introduced in evidence in a subsequent criminal proceeding. We held today, however, in *Department of Transportation, Bureau of Driver Licensing v. Elko,* 155 Pa.Commonwealth Ct. 24, 624 A.2d 717 (1993), that this statement is in fact "more relevant to an attack on the validity of a criminal proceeding than it is to the issue of a license revocation" and, accordingly, we concluded in *Elko* that while inclusion of such a statement, while advisable, is not essential to a knowing and conscious decision on whether to submit to chemical testing. We recognized in *Elko* that in a recent opinion of the Supreme Court, *Commonwealth v. Kohl,* 532 Pa. 152, 615 A.2d 308 (1992), the chemical tests authorized by Section 1547 of the Vehicle Code violated both the United States and Pennsylvania Constitutions when the results were introduced in a criminal trial. Furthermore, in another recent opinion, *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992), which concerned the sufficiency of an implied consent warning where *Miranda* rights were given, our Supreme Court neither held, nor implied, that a warning regarding the consequences in the criminal case of refusal to submit to chemical testing need be given within the context of the implied consent warning.

■ We thus conclude that the warning given here sufficiently comported with *Sorg.* And, contrary to Licensee's

argument, the fact that the warning was read from a form rather than being a contemporaneous oral explanation does not diminish its legal effectiveness one iota.

Based upon the foregoing discussion, we affirm the order of the common pleas court.[4]

## ORDER

NOW, April 13, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

SMITH, J., concurs in the result only.

KELLEY, Judge, dissenting.

I respectfully dissent.

In *Department of Transportation v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 364, 583 A.2d 39, 42 (1990), we held that where a licensee requests to speak to an attorney, or anyone else, prior to taking a chemical test, even though *Miranda* warnings have not been given, it is incumbent upon the police to inform the licensee that he or she does not have the right to consult with an attorney, or anyone else, and that a citizen's rights, although applicable to the criminal charges, do not apply under the implied consent law.[1]

The question in this case, however, is not whether a warning was required to be given, but whether the warning was sufficient under cases recently decided by this court. In

---

**4.** Licensee argues that his own treatment when arrested was noticeably harsher than that given a drunk driver who had killed Licensee's wife in a previous automobile accident. He maintains that this constitutes a denial of equal protection. However, he presented no evidence on this issue before the trial court and, accordingly, it is waived. *See* Pa. R.A.P. 302(a).

**1.** I continue to believe, however, that even in the absence of *Miranda* warnings, a licensee is entitled to an explanation that his constitutional right to counsel does not apply to a request for chemical testing. *Appeal of Attleberger*, 136 Pa.Commonwealth Ct. 329, 339–342, 583 A.2d 24, 29–31 (1990) (Kelley, J., dissenting), *petition for allowance of appeal granted*, 527 Pa. 625, 592 A.2d 45–46 (1991), *dismissed as having been improvidently granted*, 531 Pa. 450, 613 A.2d 1203 (1992).

*Department of Transportation, Bureau of Driver Licensing v. Sorg,* 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992), we set forth the elements·which would constitute a valid warning. As the majority correctly states, we did not require a verbatim reading of the specific language set forth in *Sorg.* We did, however, require that the "police must, as a minimum, give the same fundamental explanation that was given where the licensee was given the *Miranda* warnings; to repeat, the licensee must be given, at least" the information set forth by the majority. *Id.* at 91, 606 A.2d at 1274–75.

The majority recites the warning given to licensee, and states that the sole "missing" elements of *Sorg* are any reference to the words "civil proceeding" and a statement that licensee's refusal to submit to chemical testing may be introduced in evidence in a subsequent criminal proceeding. Slip op. at 725. It is with the first of these conclusions that I cannot agree.

The majority finds that because licensee was told that his "constitutional rights as a defendant in a *criminal* case do not apply to the taking of a chemical test," the chemical test was thereby communicated "by implication" as being civil, rather than criminal in nature. Slip op. at 725. I would not so easily find this "implication."

In *Department of Transportation v. Hoover,* 147 Pa.Commonwealth Ct. 70, 74, 606 A.2d 1264, 1266 (1992), we specifically held that:

[W]here no *Miranda* warnings are given, but where there *is* an overt manifestation of confusion over *Miranda* rights, the *O'Connell* explanation must include not only a statement that the right to contact an attorney or someone else applies only to criminal proceedings, but also an explanation that chemical testing is not such a *criminal* proceeding *but is a civil proceeding.* (Emphasis in original.)

*See also Department of Transportation, Bureau of Driver Licensing v. Ingram,* 149 Pa.Commonwealth Ct. 170, 612 A.2d 634 (1992).

Here, as in *Hoover*, such an explanation was lacking. As I stated in *Attleberger*, "[t]he implied consent law intertwines criminal and civil penalties and procedures. Its theory and operation are confusing, even to members of this Court." It is for this reason that an en banc panel of this court earlier this year set forth the essential elements which an *O'Connell* explanation *must* include. The majority today finds that a vague and imprecise warning "by implication" communicates the essential elements required in *Sorg* and *Hoover*. Such a decision, rather than furthering the purposes of the implied consent law, will merely breed more confusion and foster additional litigation.

Moreover, our Supreme Court has recently again reaffirmed its ruling in *O'Connell*. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). Justice Cappy, writing for the majority in *Danforth*, reiterated that "[t]here is an overwhelming unfairness inherent in the situation where an arrestee is initially told that he has a right to consult with an attorney, and then in conjunction with a request for chemical testing is told that a refusal will result in the suspension of driving privileges without being informed that his right to counsel is inapplicable." *Id.* 608 A.2d at 1046. That same inherent unfairness exists where, after an arrestee overtly asserts his right to counsel, the arresting officer merely offers the bald statement that such a right does not now apply. This type of "explanation" serves only to increase rather than to dispel confusion. In order to be meaningful, the explanation must also explain the reason: that the right to counsel applies only to *criminal* proceedings and that a chemical test request is *civil and not criminal in nature*.[2]

More than a quarter century ago, the United States Supreme Court wrestled with a similar problem in attempting to balance constitutional protections against the valid interests of law enforcement. The solution was first set forth in *Miranda*

---

2. As the majority states, our Supreme Court in *Danforth* did not require an explanation of the criminal/civil distinction. I do not believe, however, that *Danforth* in any way alters the requirements imposed in *Sorg* and *Hoover*.

*v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Despite the vocal fears of many, the warnings enunciated in *Miranda* did not foreshadow the end of law enforcement, but rather have been accepted and are today routinely read verbatim to every arrestee by every law enforcement agency in our country. Similarly, the requirements which we have set forth as to what constitutes a sufficient explanation under *O'Connell* could easily be printed on a warning card and distributed to law enforcement officers throughout the Commonwealth. This is not to say that a verbatim reading of the *Sorg* warning is mandatory. The warning, however, must expressly, rather than by implication, contain the essential elements as set forth in *Sorg.* Because the warning given in the present case lacked two of those essential elements, it failed to meet the *O'Connell* requirements. I would therefore affirm the trial court.

McGINLEY, J., joins in this dissent.