606 A.2d 1270

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Benedict Lawrence SORG, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 4, 1992.

Decided April 3, 1992.

Petition for Allowance of Appeal Denied Aug. 11, 1992.

84

Before CRAIG, President Judge, and DOYLE, COLINS,
PALLADINO, McGINLEY, SMITH, and KELLEY, JJ.

DOYLE, Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Elk County which sustained the appeal of Benedict Lawrence Sorg (Licensee) from DOT's suspension of his operating privileges for failure to submit to chemical testing in accordance with the provisions of Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.[1]

The relevant facts are not in dispute on appeal. Licensee was arrested for suspected driving under the influence, taken to a nearby hospital, and read his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He was then asked to submit to a blood test and warned that failure to do so would result in the suspension of his operating privileges. Licensee indicated that he would not take the test until he spoke to his attorney to which the arresting officer responded that Licensee "didn't have the right to hold up a blood test to contact his attorney." N.T. 9. Nonetheless, the arresting officer gratuitously permitted Licensee to telephone his attorney, although his attempt to contact him was unsuccessful. Licensee thereafter continued to refuse the test pending contact with his attorney.

Finally, the arresting officer indicated that he was going to consider Licensee's conduct a refusal to submit to testing. Thereafter, another officer (who was apparently a friend of Licensee's) arrived at the hospital to assist the arresting officer. This officer believed he could convince Licensee to take the test and convinced the arresting officer to give Licensee another chance. He informed Licensee that Licensee need not even fill out a hospital waiver of liability form, that they could proceed directly to the laboratory for a blood test, and, that Licensee would be given the chance to contact his attorney. Twice more Licensee unsuccessfully attempted to reach his attorney. Finally, since

1. This case was first argued before the Court, en banc, on June 12, 1991. By an order filed January 29, 1992, this case was submitted on briefs to the present en banc panel on March 4, 1992.

Licensee continued to refuse the test, a refusal was recorded. Thereafter, his operating privileges were suspended.

Licensee appealed DOT's suspension action to the common pleas court which determined that while the arresting officer told Licensee he had no right to an attorney prior to taking the test, Licensee was nonetheless confused "because the officer assisted him in his attempts to contact an attorney by telephone." Judge Paul Greiner, the trial judge, wrote:

> [A]lthough the officer had repeatedly told [Licensee] that he had no right to contact an attorney prior to submitting to the test, he did not explicitly distinguish between the *Miranda* privileges and the prerequisites of the chemical testing and his assistance to the defendant in trying to reach an attorney by phone cemented the confusion.

Accordingly, the trial court sustained the appeal on the basis of the rule set forth by our Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). Further appeal to this Court by DOT followed.

On appeal here we are asked to decide the question of whether the explanation given by the arresting officer was sufficient under *O'Connell* to advise Licensee that his *Miranda* right to counsel was inapplicable to the chemical testing procedures.

We begin by examining *O'Connell.* The Supreme Court held there that where an arrestee in response to the request to submit to chemical testing asks to speak to or call an attorney or anyone else the police must, in addition to advising the licensee of the one year suspension for refusal to submit to testing, "instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test." *Id.,* 521 Pa. at 252, 555 A.2d at 878.

The question which next arises is, must the officer explain *why* the *Miranda* rights do not apply or merely

state that they do not. The answer here also must be gleaned from *O'Connell*. There the Court expresses grave concern over licensees' confusion as to what their rights are and notes that confusion can stem from licensees' failure to understand the distinction between civil and criminal proceedings, only the latter of which trigger the *Miranda* protections. It is clear that the *O'Connell* Court's purpose in deciding the case the way it did was to provide a mechanism whereby licensees' confusion could be eradicated. As we said in *Wilson v. Department of Transportation*, 135 Pa.Commonwealth Ct. 339, 348, 581 A.2d 252, 257 (1990), "the object of *O'Connell* was to assure that drivers do not lose their licenses for refusals that were not knowing and conscious."

We believe that because the concern in *O'Connell* relates to assisting licensees to make knowing and conscious refusals, a goal which can only be achieved by providing them with relevant information as to their rights, a bare warning that *Miranda* rights do not apply to the testing procedures is insufficient. A truly meaningful warning requires, in addition, an explanation as to why those rights do not apply. To require anything less contravenes the purpose of *O'Connell* and serves only to generate more confusion especially where, as in the instant case, the police gratuitously and laudably, allowed Licensee the opportunity to attempt to contact an attorney while inartfully explaining to him that he was not entitled to do so. We observe that we previously held in *Department of Transportation, Bureau of Driver Licensing v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990), that an explanation of why *Miranda* rights are inapplicable in chemical testing procedures is required under *O'Connell*. Our opinion today does not depart from that view, but merely explains it in more detail.

This Court must be candid that when *O'Connell* was first decided we applied it only in highly limited factual situations, a view urged on us by DOT. Thereafter, we were faced with reversals in *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989) and *Mihalaki v. Department*

*of Transportation,* 525 Pa. 332, 580 A.2d 313 (1990) (per curiam), necessitating a reexamination of our interpretation of *O'Connell,* a task we performed in *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991). *Fiester* held, *inter alia,* that when a licensee is (1) given *Miranda* warnings and (2) asked to submit to chemical testing and informed of the implied consent law this sequence of events is confusing per se and, absent an *O'Connell* warning having been given, the licensee (even if he was able to contact someone as in *McFadden* ) makes out a valid prima facie defense to a license suspension. We also recognized that a licensee could destroy his own defense by testifying that his confusion was not over *Miranda* rights. Finally, *Fiester* held that the *O'Connell* warning is also required in situations such as that present in *Mihalaki* where no *Miranda* warnings were given but the licensee (no doubt because of being "mirandized by TV") exhibits an overt manifestation of confusion over his constitutional rights.

More recently the Supreme Court has, in a per curiam order, reversed our unreported decision in *Department of Transportation, Bureau of Driver Licensing v. Zubritsky,* 137 Pa.Cmwlth. 647, 584 A.2d 1105 (1990), *rev'd,* 527 Pa. 287, 590 A.2d 754 (1991) (per curiam), and remanded the case for a new trial.[2] Resort to the briefs in that case discloses that the *O'Connell* issue was not raised before this Court and review of the record reveals that the licensee presented absolutely no testimony on her behalf at all. She was not advised of her constitutional rights under *Miranda* nor did she ask to speak to an attorney or anyone else. The arresting officer, who was the only individual to testify, indicated that the licensee exhibited confusion over (1) the testing procedure, *i.e.,* how to blow into the breathalyzer tube and (2) the consequences of the refusal to submit to testing, *i.e.,* the loss of her license. We do not view the

**2.** This order was apparently based solely on the allocatur petition filed by the licensee.

record as demonstrating that the licensee indicated any confusion over *Miranda* rights (no evidence was even given) although the Supreme Court apparently disagrees on this point. We do, however, conclude that *Zubritsky* must mean at a minimum that the Supreme Court continues to expand *O'Connell* and that the *O'Connell* rule must be applied where the record demonstrates a licensee's confusion over what could arguably be termed *Miranda* rights.[3]

■ Having determined that a bare warning that *Miranda* rights do not apply to chemical testing procedures is insufficient, we next move to the question of what *is* sufficient. DOT maintains in its brief that the gravamen of our recent cases applying *O'Connell* "is that police officers have to recite the *O'Connell* warning nearly verbatim from Justice Papadakos' opinion [in *O'Connell*] in order for the warning to meet the *McLuckie* standard."[4] DOT's Supplemental Brief, p. 13. We disagree. We have steadfastly declined to require any particular language, and we shall continue to do so, believing that if such language is necessary the Supreme Court should establish it. We shall, however, provide additional guidance on the concepts to be imparted by an *O'Connell* warning.

3. We express our surprise as to the reversal in *Zubritsky* because the Supreme Court had indicated in *McFadden* that "since [McFadden] has preserved this issue on appeal to us, we will apply the holding of *O'Connell* to this case...." *McFadden*, 522 Pa. at 103, 559 A.2d at 925. We had assumed from this that the *O'Connell* issue would have to be raised diligently at every level of the proceedings. *See also Department of Transportation, Bureau of Driver Licensing v. Foley*, 528 Pa. 257, 597 A.2d 89 (1991) (reversing this Court's opinion filed March 26, 1991 where *O'Connell* was not an issue on appeal here).

4. *McLuckie v. Department of Transportation, Bureau of Driver Licensing*, 136 Pa.Commonwealth Ct. 315, 583 A.2d 18 (1990), *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991). The *McLuckie* standard is in fact nothing but a reiteration of the *O'Connell* standard. It requires that the police "specifically advise the licensee that the right to counsel does not apply to [chemical] tests." As previously noted, *O'Connell* requires the police to "instruct the licensee that [*Miranda*] rights are inapplicable to the breathalyzer test." While *O'Connell* uses the term "breathalyzer" no valid legal argument could be made that its holding does not apply to blood and urine tests as well, both of which are also authorized under Section 1547 of the Vehicle Code.

■ If *Miranda* warnings are given, an *O'Connell* explanation must include at least the following information:

1. That an individual's constitutional rights when accused of a crime do not apply to the chemical testing procedure under Pennsylvania's Vehicle Code.

2. Specifically, that the licensee has no right to consult with counsel or anyone else before taking the test.

3. That the *Miranda* protections are not applicable because chemical testing is a civil procedure, not a criminal proceeding, and the *Miranda* protections only apply in criminal proceedings, but the licensee's refusal to submit to the testing may be introduced in evidence in a subsequent criminal proceeding.[5]

■ Further, if after giving the *Miranda* warning and an *O'Connell* explanation, the police gratuitously allow a licensee to attempt to contact counsel or anyone else they must further explain that their act is a gratuitous one; that by law they do not have to allow the licensee to contact anyone; and, that they can unilaterally withdraw their gratuitous decision without impinging upon the licensee's constitutional rights.

■ If *Miranda* warnings are *not* given, a similar analysis is required. First, we emphasize that we adhere to the position expressed in *Appeal of Attleberger*, 136 Pa.Commonwealth Ct. 329, 583 A.2d 24 (1990), *petition for allowance of appeal granted*, 527 Pa. 625, 592 A.2d 45 (1991) (licensee testified he was confused because he thought that once he took a preliminary field test he need not submit to further testing), and *Department of Transportation, Bureau of Driver Licensing v. Wicks*, 136 Pa.Commonwealth Ct. 322, 583 A.2d 21 (1990), that where no *Miranda* warnings are given and there is *no* overt manifestation of confusion, no *O'Connell* warning is re-

---

5. *See* Section 1547(e) of the Vehicle Code, 75 Pa.C.S. § 1547(e). Of course, Section 1547(b)(2) of the Vehicle Code already further requires the police to specifically warn the licensee that his refusal will result in a revocation of his driver's license in an administrative proceeding. *See O'Connell,* 521 Pa. at 248–49, 555 A.2d at 876.

quired.[6]  Where, however, there is an overt manifestation of confusion (normally appearing as a licensee's request to call an attorney) an *O'Connell* duty does arise.  In such a situation the police must, as a minimum, give the same fundamental explanation that was given where the licensee was given the *Miranda* warnings;  to repeat, the licensee must be given, at least, the following information:

1.  That the right to counsel is a constitutional right and applies only to criminal proceedings, not to civil proceedings.

2.  That the request to submit to chemical testing is not a criminal proceeding, that it is a civil proceeding, but the licensee's refusal to submit to the testing may be introduced in evidence in a subsequent criminal proceeding.[7]

3.  That the licensee does not have a right to contact an attorney or anyone else before taking the test nor does he have the right to remain silent as to the testing procedures;  that is, licensee must affirmatively agree to submit to the chemical testing.

This is completely in accord with *McGarvey* where we held that under *O'Connell* even in situations where *Miranda* warnings are not given, if a licensee asks to speak with an attorney the police must explain "that such constitutional rights do not extend to and are totally inapplicable under the implied consent law set out in the Vehicle Code." *McGarvey*, 136 Pa.Commonwealth Ct. at 363, 583 A.2d at 41.  Further, if the police, in their discretion, determine to allow the licensee to attempt to contact counsel or someone else, they must also give the additional explanation discussed above that such decision is discretionary with the officer and may be unilaterally revoked without impinging upon the licensee's constitutional rights.

**6.**  We do not view the rule in *Attleberger* and *Wicks* as inconsistent with *Zubritsky* since there may be some argument that confusion over the implied consent law is closely related to confusion over *Miranda* rights.  *Zubritsky* may, however, call into question the correctness of our holding in *Department of Transportation, Bureau of Driver Licensing v. Tomczak*, 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990). *See Fiester*, 136 Pa.Commonwealth Ct. at 347 n. 4, 583 A.2d at 34 n. 4.

**7.**  *See supra* note 5.

We now proceed to apply these principles to the instant case. Here the *Miranda* warnings preceded the request for chemical testing and the implied consent warning. Thus, we have per se confusion which can be cured only by an adequate *O'Connell* explanation or by an admission by Licensee that his confusion was not over *Miranda* rights. It is clear that the police officer's statement that Licensee did not have the right to hold up the blood test in order to consult with an attorney does not satisfy *O'Connell.* First, the explanation as to *why* the right to counsel is not applicable is absent. Second, and more important, the insufficient explanation coupled with the officer's gratuitous conduct of permitting Licensee to attempt to contact legal counsel and the subsequent withdrawal of that courtesy was found by the trial court, which credited Licensee's testimony that his confusion *was* over *Miranda* rights, to have been the conduct which created the confusion. Such police-generated confusion is precisely what *O'Connell* is meant to curb. Accordingly, the trial court properly concluded that the Department's suspension cannot stand.

Affirmed.

SMITH, J., dissents.

### ORDER

NOW, April 3, 1992, the order of the Court of Common Pleas of Elk County in the above-captioned matter is hereby affirmed.

PALLADINO, Judge, dissenting.

I respectfully dissent. The majority applies the per se confusion rule which was set forth in *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991) to hold that because Sorg was given both the implied consent warnings and the *Miranda* warnings, and because he asked for an attorney and was allowed by the police officers to attempt to contact his attorney, Sorg was per se

confused about his right to speak to an attorney before submitting to a chemical test.

By applying the per se rule, the majority relieves Sorg of the requirement that he make a showing that he was unable to make a knowing and conscious refusal because he was confused about his right to an attorney. For the reasons set forth in my dissenting opinion in *Department of Transportation, Bureau of Driver Licensing v. Hoover*, 147 Pa.Commonwealth Ct. 70, 606 A.2d 1264 (1992), I would hold that Sorg did not meet his burden of proving that his refusal to take a chemical test was not knowing and conscious; therefore, Sorg's driving privileges should have been suspended pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.