609 A.2d 852

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Francis L. FOSTER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1991.

Decided May 12, 1992.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

William E. Scott, for appellee.

Before CRAIG, President Judge, and DOYLE, J., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for consideration is an appeal by the Department of Transportation (Department) from an order of the Court of Common Pleas of Bucks County. That court sustained the appeal of Francis Foster of the one-year suspension of his operating privileges imposed pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), as a result of his failure to submit to a breathalyzer test following his arrest for allegedly driving under the influence.

The relevant facts are as follows: On the evening of May 20, 1990, Foster was operating an automobile which struck a tree along Route 413 in Buckingham Township (Township). Corporal Phillip Simon of the Township Police Department arrived at the scene and noticed a strong odor of alcohol on Foster's breath. He conducted a field sobriety test which Foster did not pass. He then advised Foster of the implied consent law and placed him under arrest for driving under the influence of alcohol. Foster was then transported to the police station, and at some point was advised that he would be asked to take a breathalyzer test.

Upon arrival at the police station, Foster was instructed to sit next to the table where the breathalyzer was located. Corporal Simon then began to complete a form utilized by the Township Police Department, entitled "Miranda Warnings and Implied Consent Law." The first paragraph of this document contains Miranda [1] warnings and concludes with the question, "Do you understand everything that has been read and explained to you at this time?" The words Yes and No are on a separate line under this question and there is a space beside each word for the licensee to indicate his or her answer. The form, which was completed to document the breathalyzer

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

procedures pertaining to Foster, has two "x's" in the space next to Yes.[2]

The second paragraph of the form recites the implied consent law as provided in Section 1547(a) of the Vehicle Code, 75 Pa.C.S. § 1547(a). The third paragraph is as follows:

You are hereby advised that although you have the right to refuse to submit to the test(s), you DO NOT have the right to consult with an attorney or anyone else prior to taking the test(s), however we must also warn you that such a refusal to submit to the test(s) will result in an automatic suspension or revocation of your operating privileges reguardless [sic] of the outcome of any summary proceeding or criminal proceeding relating to a violation of section 3731 or any other violation of the Pa. Vehicle Code arising out of the same action for a period of twelve (12) consective [sic] months. Your refusal will also be used against you in a court of law as evidence. (Emphasis in original.)

The bottom of the form contains space for signatures of the officer and witnesses and space for the defendant's signature or refusal. Spaces for the date and time are also provided. On the form, Corporal Simon's signature appears along with the abbreviation "cpl" in the space provided for his badge number. Next to the space for the defendant's signature is written an "x" and the word refused. After the printed word refused are two "x's". The date and time spaces are also completed. The spaces for witness' signatures are blank. Beneath these spaces is a question, "Do you wish to answer any of our questions without an attorney being present?" The space next to the word "No" contains two "x's".

Corporal Simon testified at the de novo hearing before the Court of Common Pleas of Bucks County that he read only the implied consent portion of the form to Foster and then placed the form on the table and asked Foster to sign. Corporal Simon further testified that he did not read the portion of the

2. Corporal Simon testified that although he made the "x's" on the form, he did not read the *Miranda* warnings to Foster. He testified that he marked the form to indicate that Foster agreed to the breathalyzer test, that Foster did not ask that an attorney be present and that Foster stated that he would cooperate with the police.

form that provides the *Miranda* warnings nor did he explain the difference between the *Miranda* warnings and the implied consent law. He also testified that at some point Foster asked to call his wife and that this request was granted. Corporal Simon testified that Foster initially agreed to take the test but when the Intoximeter was ready to receive the breath sample, Foster refused to blow into the machine.

Foster, on the other hand, testified that Corporal Simon read the entire form to him after which Foster himself read the entire form. Foster testified that he then asked to call his wife and was told that he could do so after he took the breath test. Foster testified that he again requested permission to call his wife to ask her to contact his attorney.

Foster further testified that he was confused over the applicability of his *Miranda* rights to the implied consent law. His testimony is as follows:

Q   When you heard, "You're hereby advised that although you have a right to refuse to submit to the test"—this is after he read you the Miranda rights—"you do not have the right to consult with an attorney or anyone else prior to taking the test," did you ever raise the contradiction in that statement there?

A   I said one portion of this form says I have the right to an attorney. The bottom portion of the form says I don't. You're asking me to sign the whole form. You're not x-ing out the top. In fact, you're crossing yes.

Q   You said this?

A   Absolutely. When I saw this form, I questioned all the proceedings at that point forward.

Q   So it wasn't clear to you you didn't have a right to an attorney based on this statement?

A   It was clear to me I was uncertain about what I was supposed to do at that point and time.

Q   But after the Miranda warnings were read to you you were told that you do not have the right to consult with an attorney because you said he read it in this order.

A   Absolutely.

In its opinion in support of its order, the trial judge recited and reviewed the above testimony and concluded:

> Apparently nothing was said by the officer to [Foster] to help him resolve his confusion or clarify the situation further. We found [Foster's] testimony regarding his confusion to be both reasonable and credible. The inherently confusing form used by Buckingham Township could render the most informed defendant totally incapable of making a knowing and conscious decision regarding the breathalyzer test.

It is obvious then that the trial judge accepted as credible Foster's testimony and rejected the police officer's version of what was read from the form. The sole issue, therefore, is whether the warning provided complies with the mandate of the Pennsylvania Supreme Court as set forth in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

The Department argues that the duty of police under *O'Connell* is to inform motorists that there is no right to consult with an attorney, or anyone else, prior to submitting to the breathalyzer test. Once the police provide the motorist with this information, their duty has been satisfied. Any subsequent confusion on the part of the motorist will not render a refusal of chemical testing not knowing and conscious under the auspices of the *O'Connell* ruling.

In *Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270 (1992), this Court considered what information must be provided to a licensee in order to comply with *O'Connell*. The Court opined:

> We believe that because the concern in *O'Connell* relates to assisting licensees to make knowing and conscious refusals, a goal which can only be achieved by providing them with relevant information as to their rights, a bare warning that *Miranda* rights do not apply to the testing procedures

is insufficient. A truly meaningful warning requires, in addition, an explanation as to why those rights do not apply. To require anything less contravenes the purpose of *O'Connell* and serves only to generate more confusion....

*Sorg,* 147 Pa.Commonwealth Ct. at ——, 606 A.2d at 1272–73.

The Court went on to provide guidance as to what information must be provided to a licensee where, as here, the licensee was given *Miranda* warnings.

If *Miranda* warnings are given, an *O'Connell* explanation must include at least the following information:

1. That an individual's constitutional rights when accused of a crime do not apply to the chemical testing procedure under Pennsylvania's Vehicle Code.

2. Specifically, that the licensee has no right to consult with counsel or anyone else before taking the test.

3. That the *Miranda* protections are not applicable because chemical testing is a civil procedure, not a criminal proceeding, and the *Miranda* protections only apply in criminal proceedings, but the licensee's refusal to submit to the testing may be introduced in evidence in a subsequent criminal proceeding.[5]

---

[5] *See* Section 1547(e) of the Vehicle Code, 75 Pa.C.S. § 1547(e). Of course, Section 1547(b)(2) of the Vehicle Code already further requires the police to specifically warn the licensee that his refusal will result in a revocation of his driver's license in an administrative proceeding. *See O'Connell,* 521 Pa. at 248–49, 555 A.2d at 876.

*Sorg,* 147 Pa.Commonwealth Ct. at ——, 606 A.2d at 1274.

Because the form used by the Township Police Department advises licensees that they do not have the right to consult with an attorney prior to taking the test but does not inform licensees *why* this right does not apply to the chemical testing procedure, we hold that this warning is insufficient to comply with *O'Connell* as interpreted in *Sorg.*

Accordingly, we affirm the order of the Court of Common Pleas of Bucks County.

ORDER

NOW, May 12, 1992, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

This matter was submitted on briefs before a panel consisting of Judges DOYLE, BYER and BARRY. Because of the conclusion of Judge BYER's service, the case was submitted on briefs to President Judge CRAIG for his consideration as a member of the panel.

BARRY, Senior Judge, concurring.

The majority opinion in this case relies on *Department of Transportation, Bureau of Driver Licensing v. Sorg*, 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270 (1992). In that case, the Court was of the opinion that the case of *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), mandated not only that a licensee accused of driving under the influence be informed that *Miranda* rights do not apply to the testing procedures but also why they do not. This appears to be an unwieldy and unnecessary procedure to invoke in the normal chemical testing case. Furthermore, I agree with the dissenting opinion in *Sorg* authored by the Honorable Madaline Palladino. That opinion states that by applying a per se rule a licensee is relieved of the requirement that he make a showing that he was unable to make a knowing and conscious refusal because he was confused about his right to an attorney. *Sorg*, however, is an opinion of a majority of this Court which binds us unless and until it is overruled.

Hence, this concurrence.